# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | 8:17CR113 |
| v. | ) | |
| | ) | ORDER |
| MARK STEELE, | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion to Quash Subpoena ([Filing No. 28](#)) filed by the Government.

Defendant directed a Subpoena Duces Tecum to Deputy Sheriff Jason Mayo commanding him to bring with him, "any and all written traffic citations, including any and all written traffic warnings, created and issued by Deputy Sheriff Jason Mayo for the period of: the past six months, to any and all individuals for the moving violation: Following Too Closely." ([Filing No. 26](#)). The Government argues that the subpoena should be quashed because it seeks documents which are not relevant to the traffic stop at issue in this case.

The Eighth Circuit Court of Appeals has repeatedly held that "any traffic violation, however minor, gives an officer probable cause to stop a vehicle." *United States v. Arciniega*, 569 F.3d 394, 397 (8th Cir. 2009); *United States v. Jones*, 275 F.3d 673 (8th Cir. 2001). In *Arciniega*, the defendant issued a subpoena duces tecum for the records of prior traffic citations issued by an officer, arguing the records may establish the stop in his case was pretextual. The Eighth Circuit affirmed the district court's denial of the defendant's request because the officer's subjective intention in making the stop was irrelevant.

"Once an officer has probable cause, 'the stop is objectively reasonable and any ulterior motivation on the officer's part is irrelevant.'" *Id.* (quoting *United States v. Bell*, 86 F.3d 820, 822 (8th Cir. 1996)).

Similar to the defendant's request for an officer's traffic citation records in *Arciniega*, the records Defendant seek are not relevant to the issues in this action because any subjective intent or ulterior motive on Deputy Mayo's part is irrelevant to the question of whether Defendant objectively committed a traffic violation. Therefore, the Court will grant the Government's Motion to Quash. Defendant may renew his request for the information if the evidence adduced at the hearing indicates that the information would, in fact, be relevant. Accordingly,

**IT IS ORDERED:** The Government's Motion to Quash Subpoena (Filing No. 28) is granted.

**DATED:** June 8, 2017.

        **BY THE COURT:**

        **s/ F.A. Gossett, III**
        **United States Magistrate Judge**